UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kelsey Friend, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No.: 1:17-cv-00766 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Adams County Sheriff, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendant West Union Volunteer Life Squad, Inc.'s Motion for Judgment on the Pleadings. (Doc. 50). Plaintiffs have filed a memorandum in opposition (Doc. 51), to which Defendant has replied (Doc. 52). For the reasons that follow, Defendant's Motion will be GRANTED.

### I. BACKGROUND

Plaintiffs are a father, Brandon Friend, and his now-adult daughter, Kelsey Friend.[1] (Doc. 36 ¶¶ 3–4 at PageID 192). On December 29, 2014, Kelsey—then a minor—was staying with her mother at her mother's home in Adams County, Ohio. (*Id.* ¶¶ 22, 24 at PageID 195). At that time, Kelsey's mother was dating Defendant Jeff McCarty, who was working as an Adams County Deputy Sheriff and as a supervisor for Defendant West Union Volunteer Life Squad. (*Id.* ¶¶ 8, 23 at PageID 193, 195). McCarty gave Ambien to Kelsey in order to put her to sleep and then sexually assaulted

---

[1] To distinguish between the Plaintiffs, they will be referred to by their first names. Kelsey turned 18 years-old on July 26, 2017, some two-and-one-half years after the sexual assault that prompted this lawsuit. (Doc. 36 ¶ 3 at PageID 192).

her. (*Id.* ¶ 25 at PageID 195). McCarty "obtained [the Ambien] pursuant to his employment[]" with West Union. (*Id.*). Kelsey reported the assault to her basketball coach the next day. (*Id.* ¶ 28). A DNA test confirmed the presence of McCarty's saliva and semen. (*Id.* ¶¶ 35–36 at PageID 196). McCarty pleaded guilty and received jail time for this crime. (*Id.* ¶ 38).

Count Two of Plaintiffs' Third Amended Complaint[2] alleges a state law claim of negligent hiring, retention, and supervision against both the Adams County Sheriff,[3] also a defendant, and the West Union Volunteer Life Squad. (Doc. 36 ¶¶ 48–52 at PageID 197–98). Pursuant to Fed. R. Civ. P. 12(c), West Union moves for judgment on the pleadings. (Doc. 50).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial—[.]" The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) motion. *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 716 (S.D. Ohio 2013) (citing *Lindsay v. Yates*, 498 F.3d 434, 437 n.5,

---

[2] Count One alleges federal constitutional claims against the Adams County Sheriff and McCarty brought pursuant to 42 U.S.C. § 1983. (*Id.* ¶¶ 42–47 at PageID 197). Count Three alleges a state law claim for assault and battery against McCarty. (*Id.* ¶¶ 53–55 at PageID 198). Finally, Count Four also alleges a state law claim against McCarty, this one for negligent infliction of emotional distress. (*Id.* ¶¶ 56–59 at PageID 198–99).
[3] Plaintiffs have since abandoned their state law claim against the Sheriff. (Doc. 42 at PageID 246 ("Having reviewed the evidence uncovered to date and the current state of the law, the Plaintiffs dismiss their Negligent Hiring, Retention, and Supervision Claims against the Adams County Sheriff's Department[.]")

438 (6th Cir. 2007)[4]); *see Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010).

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." *Id.* at 570 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to **and not excluded by the court**, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). In this circumstance, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*\

---

[4] In contrast to a Rule 12(c) motion, a Rule 12(b)(6) motion "**must** be made **before** pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6) (emphasis added); *Lindsay*, 498 F.3d at 437 n.4.

## III. ANALYSIS

Under Ohio law, the elements for the torts of negligent hiring, negligent retention, and negligent supervision are the same. They are: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employer's act or omission causing plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Bricker v. R. & A Pizza, Inc.*, 804 F. Supp. 2d 615, 622 (S.D. Ohio 2011) (quotations and citations omitted). Yet in order to maintain a claim for negligent hiring, retention and supervision, "the **threshold issue** of **whether the employee was 'on the clock'** when the criminal or tortious act was committed **must be established**." *State Farm Mut. Auto Ins. Co. v. King*, Nos. CA2005-04-045, CA2005-04-049, 2006 WL 216051, at * 6, 2006-Ohio-336, ¶ 42 (12th Dist. Ct. App. May 2, 2008) (quoting *Saleh v. Marc Glassman, Inc.*, No. 86010, 2005 WL 3081507, at *4, 2005-Ohio-6127, ¶ 28 (8th Dist. Ct. App. Nov. 17, 2005) (emphasis added). See *Gebhart v. College of Mt. St Joseph*, 106 Ohio App. 3d 1, 665 N.E.2d 223, 225 (1995) (negligent supervision claim failed because sexual assaults occurred in employee's private residence at night; employer had no right or duty to supervise employee outside the employment context); *Malone v. Miami Univ.*, 89 Ohio App. 3d 527, 625 N.E.2d 640, 642–43 (1993) (employer not liable for injuries caused when its employee, having drank alcohol during his lunch break, left work intoxicated and became involved in a head-on collision; employer had no duty or right to control employee's activities away from work). Because Plaintiffs do not allege that McCarty

4

was "on the clock" at the time he sexually assaulted Kelsey, Defendant West Union asks this Court to enter judgment in its favor.

As an initial matter, the Court must decide if it will consider the Affidavit of Darrell Rockey (Doc. 49-1), which is appended to the Answer filed by Defendant West Union and referenced in its Motion (Doc. 50-1 at PageID 283 & n.1).  In it, Rockey testifies that he was a Lieutenant in the squad in December 2014 and that, specific to December 29, 2014—the date on which Kelsey was sexually assaulted—McCarty was not "on the clock." (Doc. 49-1 ¶ 3 at PageID 278).[5]  Encouraging the Court to consider the affidavit, West Union notes that the Sixth Circuit has taken "a liberal view of what matters fall within the pleadings for purposes of Rule 12(b)(6)." *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001).  Documents attached to a motion to dismiss form part of the pleadings "[i]f referred to in [the] complaint and [are] central to the claim." *Id.* (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).  While one might argue that Rockey's testimony is "central" to Plaintiffs' negligent hiring, supervision and retention claim, his affidavit plainly is not referred to in the Third Amended Complaint.  Hence, the Court finds it to be outside the pleadings.  *See Bricker*, 804 F. Supp. 2d at 619–20.  Were the Court to consider Rockey's affidavit, it would convert Defendant West Union's Rule 12(c) motion into one for summary judgment.  *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 502–03 (6th Cir. 2006).  This conversion is wholly unnecessary to resolve the legal question presented by West

---

[5] Rockey additionally testifies that, prior to the criminal charges filed in connection with Kelsey's assault, West Union Volunteer Life Squad received no complaints about McCarty "either before or during the course of his employment with West Union."  (*Id.* ¶ 4 at PageID 279).  Finally, McCarty testifies that "Ambien has never been a substance ordered, kept, stored, maintained, held or otherwise in the inventory of West Union."  (*Id.* ¶ 6).

Union. Thus, the Court will exclude the Affidavit of Darrell Rockey, as well as the Affidavits of Charles Friend (Doc. 42-1) and Kristian Hughes (Doc. 42-2) offered by Plaintiffs in opposition to Defendant West Union's Rule 12(c) Motion.[6]

The Court has carefully reviewed the Third Amended Complaint, and West Union is correct: Plaintiffs do <u>not</u> allege that McCarty was "on the clock" when he sexually assaulted Kelsey. But Plaintiffs counter that the issue of "on the clock" is irrelevant because McCarty "was not rank and file in the Life Squad, but supervisory." (Doc. 51 at PageID 294; *see also* Doc. 36 ¶ 8 at PageID 193). Moreover, because Defendant West Union "is a 'volunteer' squad that gets expense reimbursement, it is erroneous to declare that there are periods when Lt. McCarty was 'off the clock' at all, with the possible exception of times that he was on Sheriff's duty." (Doc. 51 at PageID 294).

Plaintiffs cite no authority—from Ohio or any other jurisdiction—in support of this contention, and the Court is aware of none. To accept this premise would put an employer at continuous risk for the off-duty behavior of its supervisory staff. And it would contradict *Saleh*. Accordingly, it is rejected. The Court likewise rejects Plaintiffs' alternative theory. McCarty's off-duty sexual assault cannot ride the coattails of his "on the clock" acquisition of Ambien, even if one made possible the other. *Saleh* is straightforward. This Court's review begins—and here, ends—with asking whether Plaintiffs did—or could—allege that McCarty's sexual assault of Kelsey Friend occurred while he was "on the clock" with the West Union Volunteer Life Squad. Because no such allegation is contained in Plaintiffs' Third Amended Complaint, and because

---

[6] The Friend and Hughes affidavits were filed in opposition to the pending Motion of Adams County Sheriff K.R. Rogers for Judgment on the Pleadings (Doc. 39).

counsel does not represent that it <u>could</u> be alleged in a putative fourth amended complaint, West Union is entitled to judgment on the pleadings.

## IV. CONCLUSION

Consistent with the foregoing, Defendant West Union Volunteer Life Squad, Inc.'s Motion for Judgment on the Pleadings (Doc. 50) is **GRANTED**. Count Two of Plaintiffs' Third Amended Complaint is **DISMISSED with PREJUDICE** as to Defendant West Union Volunteer Life Squad, Inc.

**IT IS SO ORDERED.**

                                               *s/ Michael R. Barrett*
                                             Michael R. Barrett, Judge
                                             United States District Court