**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Kelsey Friend, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.: 1:17-cv-00766 |
| | ) | |
| vs. | ) | Judge Michael R. Barrett |
| | ) | |
| Adams County Sheriff, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This matter is before the Court on Defendant Adams County Sheriff's Motion for Judgment on the Pleadings. (Doc. 39). Plaintiffs have filed a memorandum in opposition (Doc. 42), to which Defendant has replied (Doc. 44). For the reasons that follow, Defendant's Motion will be GRANTED.

## I.    BACKGROUND

Plaintiffs are a father, Brandon Friend, and his now-adult daughter, Kelsey Friend.[1] (Doc. 36 ¶¶ 3-4 at PageID 192). On December 29, 2014, Kelsey—then a minor—was staying with her mother at her mother's home in Adams County, Ohio. (*Id.* ¶¶ 22, 24 at PageID 195). At that time, Kelsey's mother was dating Defendant Jeff McCarty, who was working as an Adams County Deputy Sheriff. (*Id.* ¶¶ 8, 23 at PageID 193, 195). McCarty gave Ambien to Kelsey in order to put her to sleep and then sexually assaulted her. (*Id.* ¶ 25 at PageID 195). McCarty "obtained [the Ambien] pursuant to his employment[]" with

---

[1] To distinguish between the Plaintiffs, they will be referred to by their first names. Kelsey turned 18 years-old on July 26, 2017, some two-and-one-half years after the sexual assault that prompted this lawsuit. (Doc. 36 ¶ 3 at PageID 192).

West Union Volunteer Life Squad. (*Id.*). Kelsey reported the assault to her basketball coach the next day. (*Id.* ¶ 28). A DNA test confirmed the presence of McCarty's saliva and semen. (*Id.* ¶¶ 35-36 at PageID 196). McCarty pleaded guilty and received jail time for this crime. (*Id.* ¶ 38).

Count One of Plaintiffs' Third Amended Complaint alleges a civil rights violation under 42 U.S.C. § 1983 against Defendants Adams County Sheriff and Jeffrey McCarty. (*Id.* at PageID 197). Count Two alleges a state law claim of negligent hiring, retention, and supervision against Defendants Adams County Sheriff and West Union. (*Id.* at PageID 197-98). Defendant West Union has since been dismissed from the proceedings, and Plaintiffs voluntarily dismiss Count Two against Defendant Adams County Sheriff. (Doc. 42 at PageID 246; Doc. 50 at PageID 315). Count Three alleges a state law claim of assault and battery against Defendant McCarty. (Doc. 36 at PageID 198). Count Four alleges a state law claim for negligent infliction of emotional distress against Defendant McCarty. (*Id.*).

Pursuant to Fed. R. Civ. P. 12(c), Defendant Adams County Sheriff moves for judgment on the pleadings. (Doc. 39).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial—[.]" The legal standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating a Rule 12(b)(6) motion. *Gascho v. Global Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 716

(S.D. Ohio 2013) (citing *Lindsay v. Yates*, 498 F.3d 434 n.5, 438 (6th Cir. 2007)[2]); *see Warrior Sports. Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010).

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is **plausible** on its face." *Id.* at 57 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to **and not excluded by the court**, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added). In this circumstance, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

---

[2] In contrast to a Rule 12(c) motion, a Rule 12(b)(6) motion "**must** be made **before** pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b)(6) (emphasis added); *Lindsay*, 498 F.3d at 437 n.4.

### III. ANALYSIS

A government employer is liable for its employee's acts under 42 U.S.C. § 1983 when that employer has a policy or custom that causes a plaintiff's injury. *See Marcum v. Scioto Cty., Ohio*, No. 1:10-cv-790, 2014 WL 3955874, at *31 (S.D. Ohio 2014). A policy or custom need not be express. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) ("even though such a custom has not received formal approval through the body's official decisionmaking channels."); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970) ("'practices of state officials could well be so permanent and well settled as to constitute a "custom or usage" with the force of law.'").

The Court has carefully reviewed the Third Amended Complaint, and finds that Plaintiffs have not pleaded sufficient factual matter to show that it is <u>plausible</u> that Adams County Sheriff had an official policy or custom that caused Kelsey's assault. Rather, Plaintiffs merely state that, "[u]pon information and belief, the Sheriff of Adams County, Ohio, knew or should have known that Jeff McCarty had a propensity to sexually assault young females" due to several alleged complaints against him. (Doc. 36 ¶¶ 9-10 at PageID 193). Plaintiffs allege that retaining McCarty as an employee despite the alleged complaints is evidence of a policy or custom of "ignoring complaints from its outsiders towards Deputy Sheriffs" and "facilitating wrongful activity by its Deputy Sheriffs." (*Id.* ¶¶ 16-17 at PageID 194). Plaintiffs do not allege that Defendant Adams County Sheriff was aware of any specific complaints against or prior misconduct by Jeffrey McCarty—or any other Deputy Sheriffs—except that "he once ran a red light without his lights on, while driving a Sheriff's car, and damaged a porch." (*Id.* ¶ 41 at PageID 196).

Plaintiffs, in their Memorandum in Opposition to Defendant Adams County Sheriff's Motion for Judgment on the Pleadings, argue that Plaintiffs' Third Amended Complaint does make "an allegation" of a policy or custom, and offered two affidavits in support of their contention. (Doc. 42 at PageID 244). However, the Court has since ruled to exclude these affidavits and will not consider them in conjunction with Defendant's 12(c) motion. (Doc. 55 at PageID 314).

Therefore, Plaintiffs have failed to meet the standard for pleading sufficient factual matter so as to make their Complaint plausible on its face. In light of this finding, the Court need not address the issue of whether Defendant is entitled to Qualified Immunity.

As a final matter, in the alternative, Plaintiffs request leave to submit a fourth amended complaint. (Doc. 52 at PageID 243). Rule 15 governs amendments to pleadings before trial. FED. R. CIV. P. 15(a). A party can amend a "pleading once as a matter of course within" twenty-one days of serving the pleading, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Plaintiffs do not cite Rule 15, nor do they provide any analysis to say why leave to amend would be proper. (Doc. 52 at PageID 243). Accordingly, the Court denies their delayed and cursory request.

## IV.    CONCLUSION

Consistent with the foregoing, Defendant Adams County Sheriff's Motion for Judgment on the Pleadings (Doc. 39) is **GRANTED**. Count One of Plaintiffs' Third

Amended Complaint is **DISMISSED with PREJUDICE** as to Defendant Adams County Sheriff. Plaintiffs' request for leave to submit a fourth amended complaint is **DENIED**.

　　**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　__s/ Michael R. Barrett_____
　　　　　　　　　　　　　　　Michael R. Barrett, Judge
　　　　　　　　　　　　　　　United States District Court